UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                         CASE NO: 3:16-cr-134-J-34PDB

DARRELL BRYANT                              ORDER ON MOTION FOR
                                                                 SENTENCE REDUCTION UNDER
                                                                 18 U.S.C. § 3582(c)(1)(A)

**O R D E R**

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the factors identified in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED

Defendant Darrell Bryant is a 51-year-old inmate incarcerated at Jesup FCI, serving a 72-month term of imprisonment for conspiracy to distribute 100 grams or more of heroin. (Doc. 77, Judgment). According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on August 18, 2022. Bryant seeks compassionate release because of the Covid-19 pandemic and because he asserts that he suffers from diabetes, hypertension, a heart murmur, thyroid disorder, and ulcers. (Doc. 86, Motion).[1]

---

[1] The Motion was submitted on Defendant's behalf by his step-mother, Sheryl Bryant. The United States argues that Bryant has not exhausted his administrative remedies. (Doc. 88, Response at 3-4). However, as Bryant's reply brief shows, he submitted a request for compassionate release to the warden of his facility on July 8, 2020 – well over 30 days before Ms. Bryant filed the motion for compassionate release on Bryant's behalf. (Doc. 89, Reply at 4).

A movant for compassionate release bears the burden of proving that a reduction in sentence is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. Jun. 7, 2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of proving that a sentence reduction is appropriate). As the Third Circuit Court of Appeals has observed, the mere existence of Covid-19 cannot independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Bryant did not submit any medical records to support his asserted medical conditions. However, the Presentence Investigation Report (PSR) supports Bryant's assertion that he has high blood pressure and "has reportedly experienced an irregular heartbeat." (Doc. 74, PSR at ¶¶ 68-70). Additionally, the warden's denial of Bryant's reduction-in-sentence (RIS) request suggests that he has Type 2 diabetes, as Bryant is reportedly enrolled in the chronic care clinic for Type 2 diabetes (as well as a chronic care clinic for hypertension). Reply at 8. Nevertheless, in 2017 Bryant's mother (Gail Smart) "advised that these ailments have never interfered with Bryant's ability to perform daily activities," PSR at ¶ 70, and in denying Bryant's RIS request, the warden explained that his conditions are "well-managed," such that he "do[es] not meet RIS criteria as having a debilitating condition or terminal illness or being elderly with chronic conditions," Reply at 8. None of Bryant's other asserted conditions are supported by documentation.

According to the Centers for Disease Control (CDC), having high blood pressure might increase the risk of severe illness from Covid-19, which is distinct from the

---

Thus, Bryant has satisfied § 3582(c)(1)(A)'s 30-day exhaustion alternative.

conditions that the CDC confirms increase the risk of serious illness.[2] However, high blood pressure is not an extraordinary condition. The CDC reports that 108 million adults in the United States (about 45% of the adult population) have high blood pressure or take medication for the condition.[3] The CDC does not describe a heart murmur or an irregular heart rhythm, without more, as a risk factor for severe illness from coronavirus. The CDC <u>does</u> report that Type 2 diabetes mellitus is a condition that increases the risk of severe illness from Covid-19. However, as Bryant states, he receives medication to control his conditions, including metformin (for diabetes) and lisinopril and hydrochlorothiazide (for blood pressure). Reply at 5. The record indicates that Bryant's diabetes and hypertension are "well-managed," and that he is "classified as a chronic, stable medical care level 2 [inmate] with no medical restrictions" who is "independent in daily activities." <u>Id.</u> at 8. In addition, the Court notes that Jesup FCI currently reports zero inmates positive for coronavirus, 19 staff members positive, 241 inmates recovered, three staff members recovered, and only one inmate death.[4] Given this record, Bryant has not proven the existence of extraordinary and compelling circumstances.[5]

Moreover, the sentencing factors under 18 U.S.C. § 3553(a) do not support a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. Although Bryant

---

[2] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

[3] https://www.cdc.gov/bloodpressure/facts.htm.

[4] https://www.bop.gov/coronavirus/. Last accessed October 21, 2020. These numbers are updated daily.

[5] There is a split of authority over whether district courts are bound by the list of extraordinary and compelling reasons contained in U.S.S.G. § 1B1.13, cmt. 1(A)-(C). See <u>United States v. Brooker</u>, — F.3d —, No. 19–3218–CR (2d Cir. Sept. 25, 2020), Slip Op. at 12. The Court's decision does not depend on the resolution of that issue because it would reach the same conclusion if it had independent authority to identify extraordinary and compelling reasons.

was convicted of conspiracy to distribute 100 grams or more of heroin, the actual amount attributable to him was closer to 1.5 kilograms. (Doc. 45, Plea Agreement at 18-19; PSR at ¶¶ 12-19, 24). As the United States argues, heroin is especially pernicious: "Heroin and other opioid use has led to record numbers of overdose deaths. According to Florida Department of Health statistics, opioid deaths jumped in Duval County from 230 in 2015 to 460 in 2016 [the year of Bryant's offense]." Response at 16. And before the instant offense, Bryant had a number of prior convictions, including for trafficking cocaine, aggravated fleeing or attempting to elude law enforcement, possession of crack cocaine and ecstasy, and assaulting a law enforcement officer. PSR at ¶¶ 39, 42, 47. On another occasion, for which Bryant was convicted of possession of less than 20 grams of cannabis, he reportedly hit his mother in the leg with a brick, pointed a firearm at his sister, and threatened to kill her. Id. at ¶ 38. The Court commends Bryant for maintaining a positive attitude in prison. Reply at 3. However, in view of all the § 3553(a) factors, reducing Bryant's term of imprisonment at this time would not be consistent with the statutory purposes of sentencing or the Sentencing Commission's policy statements.

Accordingly, Defendant Darrell Bryant's Motion for Compassionate Release (Doc. 86) is **DENIED**.[6]

**DONE AND ORDERED** at Jacksonville, Florida this 3rd day of November, 2020.

MARCIA MORALES HOWARD
United States District Judge

---

[6] To the extent Bryant requests that the Court order home confinement, the Court cannot grant that request because the Attorney General has exclusive jurisdiction to decide which prisoners to place in the home confinement program. See United States v. Alvarez, No. 19-cr-20343-BLOOM, 2020 WL 2572519, at *2 (S.D. Fla. May 21, 2020); United States v. Calderon, 801 F. App'x 730, 731-32 (11th Cir. 2020) (a district court lacks jurisdiction to grant a request for home confinement under the Second Chance Act).

Lc 19

Copies:
Counsel of record
Defendant